**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.

PETER AND APRILL BOHRINGER,

      Plaintiffs,

v.

BAYVIEW LOAN SERVICING, LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and its implementing Regulation Z, 12 C.F.R. Part 1026 (collectively, "TILA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1640(e), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, and where Defendant transacts business in this district.

### PARTIES

4.     Plaintiffs Peter and Aprill Bohringer ("Plaintiffs") are natural persons.

5.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and by Fla. Stat. § 559.55(2).

6.      Defendant Bayview Loan Servicing, LLC ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Fla. Stat. § 559.55(1).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant is a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. § 226.2(17).

## FACTUAL ALLEGATIONS

9.      Plaintiffs are obligated, or allegedly obligated, to pay a debt.

10.      Plaintiffs' obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a mortgage loan secured by a principal residence.

11.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due another.

12.      In or about August 2006, Plaintiffs entered a mortgage loan agreement ("the Mortgage") with Countrywide Mortgage.

13.      Bank of America subsequently acquired Plaintiff's Mortgage and began servicing it.

14.      In October 2009, Plaintiffs filed for relief under Chapter 13 of the U.S. Bankruptcy Code.

15.      The Mortgage was not included in the Chapter 13 bankruptcy plan.

16.      On March 4, 2013, Plaintiffs entered into a modification agreement for the

Mortgage with Bank of America.

17.     Subsequently, Plaintiffs made all required monthly payments on the Mortgage to Bank of America.

18.     On February 18, 2014, Bank of America sent Plaintiffs what would be the last regular monthly statement to come from Bank of America on the Mortgage.

19.     The statement reflected that Plaintiffs were current on their Mortgage and paying as agreed.

20.     On February 21, 2014, Bank of America informed Plaintiffs that Defendant would begin servicing Plaintiff's account on March 16, 2014.

21.     On March 27, 2014, Defendant sent Plaintiffs a letter informing Plaintiffs that Defendant was the new servicer of the Mortgage.

22.     A true and accurate copy of Defendant's March 27, 2014 letter to Plaintiffs is attached to this complaint as Exhibit A.

23.     Defendant's March 27, 2014 letter was its initial communication with Plaintiffs with respect to the Mortgage.

24.     Defendant did not send Plaintiffs an additional written communication within five days of the initial communication.

25.     Defendant's initial communication failed to notify Plaintiffs of the amount of the debt or their other rights under 15 U.S.C. § 1692g(a).

26.     Defendant's initial communication failed to disclose that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

27.     Defendant did not send Plaintiffs any periodic mortgage statements of account for approximately eight months or more after they became the servicer of the Mortgage.

28.     At the time it acquired the servicing rights to the Mortgage, Defendant asserted

that Plaintiffs were behind in their payments.

29.     Defendant has assessed and attempted to collect charges to the Mortgage despite that Plaintiffs had previously paid the same charges to Bank of America prior to the transfer of the Mortgage.

30.     Defendant has assessed and attempted to collect additional charges on the Mortgage without legal basis.

## COUNT I
## VIOLATION OF FDCPA

31.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29.

32.     Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FDCPA

33.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29.

34.     Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiffs that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TILA

35.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29.

36.     Defendant violated the Truth in Lending Act, Regulation Z at 12 C.F.R. § 1026.41 by failing to provide Plaintiffs with the periodic statements required by that section.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Defendant violated Regulation Z, 12 C.F.R. 1026.41;

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1640(a)(2);

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF FCCPA

37.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29.

38.   Defendant violated § 559.72(9) by claiming, attempting, or threatening to enforce a debt when the debt is not legitimate, or asserting the existence of some other legal right when the right does not exist.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Defendant violated Fla. Stat. § 559.72(7);

b)   Awarding Plaintiffs statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to Fla. Stat. § 559.77(2);

d)   Awarding Plaintiffs punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)   Awarding Plaintiffs such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action

pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39.    Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: March 16, 2015.

Respectfully submitted,

s/Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, P.A.
Attorney for Plaintiffs
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Co-counsel with Thompson Consumer Law Group, PLLC

5235 E. Southern Ave. D106-618
Mesa, AZ 85206
tclg@consumerlawinfo.com