UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-cv-21053-CMA

**PETER AND APRIL BOHRINGER**,

    Plaintiff,

v.

**BAYVIEW LOAN SERVICING, LLC**,

    Defendant.

_____/

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S
MOTION TO DISMISS COMPLAINT [ECF No. 1]**

**I. OVERVIEW**

Plaintiffs Peter and April Bohringer's debt collection complaint is based on a single service transfer welcome letter from defendant Bayview Loan Servicing, LLC. (ECF No. 1-2). The welcome letter does not (**a**) request a specific payment, (**b**) set forth any amount due, or (**c**) set any deadlines for payment. It merely alerts plaintiffs to the recent servicing transfer of their loan. *Id*. Case law is clear that this form of welcome letter—which is required to be sent under 12 U.S.C. § 2605—is not deemed a communication in connection with collection of a debt. *See e.g., Clark v. Green Tree Servicing, LLC*, No. 13-cv-02646-PAB-MEH, 2014 WL 4783634, *7 (D. Col., Sept. 24, 2014). Such letters do not fall within the FDCPA's purview. This alone mandates dismissal. Plaintiffs further ignores the fact that Bayview is not a "debt collector" regulated by the FDCPA, as plaintiffs expressly plead that the debt was **not** in default at service transfer. (*See e.g.,* ECF No. 1, pg. 3). Plaintiffs' FDCPA claims [Counts I & II] fail as a matter of law and fact. Plaintiffs' FCCPA claim likewise fails because Bayview's welcome letter is not

attempting to "enforce a debt" under FLA. STAT. § 559.72(9)'s parameters, and because plaintiffs do not sufficiently allege the critical element of a § 559.72(9) violation—the requisite knowledge needed to violate the act. Plaintiffs' TILA claim ignores that Bayview—which plaintiffs admit is their loan servicer (ECF No. 1, pg. 3)—cannot be held liable for civil damages under 15 U.S.C. § 1640. The law is clear that servicers have no liability under the civil damages provision of 15 U.S.C. § 1640 unless they are also the current or former owner of the loan. *Lucien v. Federal Nat. Mortg. Ass'n*, 21 F. Supp. 3d 1379, 1383 (S.D. Fla. 2014) ("Courts applying TILA uniformly hold that there is no servicer liability under TILA.").

The complaint should be dismissed *with prejudice* because it is contrary to law and cannot be cured by amendment.

## II. MEMORANDUM OF LAW

A court reviewing a motion to dismiss under Rule 12(b)(6) accepts the plaintiff's material allegations as true, but conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The legal standard to be applied when evaluating a motion to dismiss is one of plausibility—"a complaint must state a claim that is plausible on its face" and incorporate "sufficient factual matter" in support of the claim. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Satisfying this standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 687.

### 1. FDCPA Claims Fail as a Matter of Law [Counts I & II]

For the FDCPA to apply, two threshold criteria must be met: **(1)** the defendant must qualify as a "debt collector"; and **(2)** the communication must have been made "in connection

with the collection of any debt." *Parker v. Midland Credit Mgmt, Inc.*, 874 F. Supp. 2d 1353, 1356 (M.D. Fla. Jun. 15, 2012). Plaintiff complaint fails on both measures, requiring dismissal.

### a. Bayview Is Not A Debt Collector.

Bayview is not a "debt collector" for FDCPA purposes. Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from this definition is "any person collecting or attempting to collect any debt … [if the collection] concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). **Case law is clear that a mortgage servicing company or an assignee of a debt is not considered a "debt collector" as long as the debt was not in default at assignment**. *See Benjamin v. CitiMortgage, Inc.*, No. 12-62291-CIV, 2013 WL 1891284, *3 (S.D. Fla. May 6, 2013); *see also Reese v. JPMorgan Chase & Co.*, 686 F.Supp. 2d 1291, 1307 (S.D. Fla. 2009) (dismissing FDCPA claim with prejudice where complaint indicated the defendants were creditors and mortgage servicers); *Bentley v. Bank of America, N.A.* 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

Plaintiffs repeatedly allege that their loan was **not** in default when it service transferred to Bayview. (*See e.g.,* ECF No. 1, pg. 3: "[P]laintiffs made all required monthly payments on the Mortgage to Bank of America," and "[t]he statement reflected that Plaintiffs were current on their Mortgage and paying as agreed."). Based on plaintiff's own unequivocal allegations, Bayview is not a "debt collector" under the FDCPA, and counts I and II fail. *Azar v. Hayter,* 874 F.Supp. 1314, 1319 (N.D. Fla. 1995) (dismissing case since no "indication that [defendants]

obtained the debt after it was past due" and finding the statutory exception provided by 15 U.S.C. § 1692a(6)(F)(iii) applied).

### b. The Welcome Letter (ECF No. 1-1) Is <u>Not</u> A Communication In Connection with Collection of A Debt Requiring FDCPA Action.

Courts have consistently analyzed the following set of factors in making a determination of whether a party has made a communication in connection with the collection of a debt: (**1**) whether the communication demands payment from the debtor; (**2**) whether the communication discusses the specifics of the debtor's underlining debt; and (**3**) whether the purpose of the communication is merely to inform the debtor of the status of his or her loan or possible available loan workout options. *Parker v. Midland Credit Mgmt, Inc*., 874 F. Supp. 2d 1353, 1356 (M.D. Fla. Jun. 15, 2012); *Gburek v. Litton Loan Serv. LP*, 614 F. 3d 380, 386 (7th Cir. 2010). **Courts have determined that a standard RESPA-required welcome letter "that informs a homeowner that her loan has been transferred to a new servicer, but does not request payment, set forth the amount due or set a deadline for payment, is not a communication in connection with collection of a debt**." *See Clark,* 2014 WL 4783634, *7 (D. Col., Sept. 24, 2014), *Cigler v. Ocwen Loan Serv., LLC*, 2014 WL 1908435, *3 (N.D. Ind. May 9, 2014) (vacated for settlement purposes only).

To determine whether a communication was made to collect a debt, courts apply a "commonsense inquiry" based on all factors surrounding the communication, including the "purpose and context of the communications." *See Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 384-85 (7th Cir. 2010); *see also Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (noting that although an explicit demand for payment is not always necessary for the statute to apply, "the statute does not apply to every communication between a debt collector and a debtor.") (*quoting Grubek*, 614 F.3d at 385). Stated differently, to be considered

4

an attempt to collect a debt, "an animating purpose of the communication must be to induce payment by the debtor." *Grden,* 643 F.3d at 173.

The welcome letter basing plaintiffs' collection claims does not demand payment or even include debt balance information. (ECF No. 1-1).  Instead, the welcome letter is limited to providing information concerning the servicing transfer and customer service/contact information all as statutorily required under 12 U.S.C. § 2605.  The letter at issue "merely sought to communicate information," *Helman v. Udren Law Offices, P.C*., No. 14-cv-60808, 2014 WL 778199, *7 (S.D. Fla. Dec. 18, 2014), and, falls in line with precedent indicating such welcome letters are not debt collection activity.  *See Clark,* 2014 WL 4783634, *7 (D. Col., Sept. 24, 2014), *Cigler,* 2014 WL 1908435, at *3.

Plaintiffs' FDCPA claims fail.  Bayview is not a "debt collector" under the FDCPA, and the welcome letter was not "debt collection activity" triggering the requirements of 15 U.S.C. §1692(e) or §1692(g).  Counts I and II should be dismissed, *with prejudice.*

    **2.**    **Plaintiffs' Claim Under FCCPA, FLA. STAT. § 559.72(9) Fails[1]**

Using a single statute-tracking allegation, plaintiffs claim Bayview violated § 559.72(9) by "claiming, attempting, or threatening to enforce a debt when the debt is not legitimate." (ECF No. 1, ¶ 38).  To allege a violation under § 559.72(9), plaintiffs must show a legal right that did not exist was asserted **and** that the person had actual knowledge that the right did not exist.

---

[1] Plaintiffs' prayer for relief in Count IV requests that the Court adjudge that Bayview violated FLA. STAT. § 559.72(7).  This appears to be a typo, as plaintiff has not invoked that subsection in the body of their complaint or pled any facts that would support a claim for harassment or abuse under this FCCPA subsection.  No claim for relief under FLA. STAT. § 559.72(7) has been stated or should be entertained.

*Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012).  Like plaintiffs' FDCPA counts[2], plaintiffs' FCCPA claim is based on a service transfer letter, which does not attempt to enforce a debt, and is not deemed debt collection that would trigger protections under § 559.72(9).  *Clark*, 2014 WL 4783634, *7; *Cigler*, 2014 WL 1908435, *3.  This alone is cause for dismissal.

Plaintiffs' claim also fails because they do not sufficiently allege the necessary elements of a FCCPA, § 559.72(9) violation.  "To plead a FCCPA claim, a party must allege knowledge or intent" by the person attempting to collect "in order to state a cause of action."  *Bentley v. Bank of America*, N.A., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011).  Constructive knowledge is not sufficient.  *Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976) (striking allegation that debt collector "should have known" the claim was not legitimate).  *See also Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (dismissing FCCPA claim where plaintiff failed to plead any facts that the defendants had knowledge they were pursuing a debt that they were not legally entitled to collect).  And, recitation of the statute is not enough.  *See e.g., McCorriston v. L.W.T., Inc.,* 536 F.Supp.2d 1268, 1279 (M.D. Fla. 2008).  Plaintiffs' are required to allege specific facts showing that Bayview *knew* that the debt underlying the secured claim it allegedly sought to enforce was not legitimate.  Plaintiffs wholly fail to allege the element of actual knowledge, rendering their FCCPA claim subject to dismissal.

---

[2] Bayview's arguments with respect to FDCPA liability apply equally to plaintiffs' FCCPA claim. Specifically, courts have concluded that a "debt collector" under the FCCPA mirrors the language defining a "debt collector" in the FDCPA.  *Bentley v. Bank of America, N.A*., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011).  And, that the FDCPA's definition of "debt collection activity" equally applies to the FCCPA.  *Id*.  Bayview's non-debt collector status and the lack of "debt collection activity" under the FDCPA, equally supports dismissal of plaintiffs' claims under the FCCPA.  *See Dayhoff, Inc.*, 2013 WL 6283583 at *2.

### 3. Plaintiffs' TILA Claim Cannot Survive Against Bayview

Based on a single, conclusory paragraph, plaintiffs seek damages under 15 U.S.C. § 1640(a)(1) and (2), for Bayview's alleged failure to provide "periodic statements." But, plaintiffs have repeatedly alleged that Bayview is only their servicer—and not their loan owner or assignee. (*See e.g.,* ECF No. 1, pg. 3, ¶¶ 21, 27). TILA does not provide a private right of action against pure servicers.[3] *Lucien v. Federal Nat. Mortg. Ass'n*, 21 F. Supp. 3d 1379, 1383 (S.D. Fla. 2014) ("Courts applying TILA uniformly hold that there is no servicer liability under TILA."); *Hayes v. U.S. Bank Nat. Ass'n*, No. 13-80610-CIV, 2014 WL 2938534, *3 (S.D. Fla. June 30, 2014) ("TILA does not impose liability on servicers.")  And, Bayview, as servicer, cannot be held liable under 15 U.S.C. 1640, since "the text of TILA's civil damages provision only provides for creditor liability—not servicer liability." *Id.*, *see also Khan v. Bank of N.Y. Mellon*, 849 F. Supp. 2d 1377, 1378 (S.D. Fla. 2012); *Galeano v. Fed. Home Loan Mortg. Corp.*, No. 12-CV-61174, 2012 WL 3613890 (S.D. Fla. Aug. 21, 2012).  Because servicers cannot be held liable under TILA, and by extension, regulations promulgated thereunder, *Lucien*, 21 F. Supp. 3d at 1383, plaintiffs' TILA claim against Bayview must be dismissed.

---

[3] Plaintiffs have not alleged that Bayview is the owner or assignee of their loan, to fall under the ambit of 15 U.S.C. § 1640 or 1641.

### III. CONCLUSION

Plaintiffs wholly fail to allege facts that support claims against Bayview. Plaintiffs' FDCPA claims are at odds with legal precedent that RESPA-required welcome letters are not debt collection activity under the FDCPA, and disregards the fact that Bayview cannot be considered a "debt collector." Plaintiffs further ignore the requisite elements of an FCCPA claim, while again attempting to seek collection-based damages for strictly informational correspondence which clearly is not debt collection. Plaintiffs' TILA claim is equally flawed since Bayview—as plaintiff's loan servicer—cannot be held liable under TILA's civil damages provision. Plaintiffs' complaint should be dismissed in its entirety and *with prejudice*.

Respectfully submitted,

*/s/ Sumeet H. Chugani*
**William P. Heller, Florida Bar No. 987263**
primary email: william.heller@akerman.com
secondary email: lorraine.corsaro@akerman.com
**Marc J. Gottlieb, Florida Bar No. 827819**
primary email: marc.gottlieb@akerman.com
secondary email: kerry.aubin@akerman.com
**Sumeet H. Chugani, Florida Bar No. 71630**
primary email: sumeet.chugani@akerman.com
secondary email: kerry.aubin@akerman.com
**AKERMAN LLP**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 759-8945
Facsimile: (954) 463-2224

*Counsel for Bayview Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

>   */s/ Sumeet H. Chugani*
>   Sumeet H. Chugani